## DERIVATIVE ACTION ALLEGATIONS

49. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23.1 on behalf of Sonus to enforce the claims of Sonus against the Individual Defendants, which may properly be asserted by Sonus and which Sonus has failed to enforce.

50. The wrongs complained of herein occurred during the Relevant Period, during which time plaintiff was a Sonus shareholder. Plaintiff continues to hold her shares in Sonus. Hence, plaintiff has standing to bring this derivative action on behalf of Sonus to recover damages for all of the conduct described in this complaint.

51. Plaintiff will fairly and adequately protect the interests of Sonus and its shareholders in enforcing the rights of Sonus against the Individual Defendants. Plaintiff's attorneys are experienced in this type of litigation and will prosecute this action diligently on behalf of Sonus to insure the rights of the Sonus. Plaintiff has no interests adverse to Sonus.

## THE INDIVIDUAL DEFENDANTS HAVE DAMAGED SONUS

52. By reason of their positions as fiduciaries of Sonus and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed to Sonus fiduciary obligations of fidelity, trust, loyalty and due care, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest and equitable manner, and were and are required to act in furtherance of the best interests of the Company and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit. Each defendant owed to Sonus a fiduciary duty to exercise due care and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, as well as the highest obligations of good faith and fair dealing.

53. In addition, as officers and/or directors of a public company, the Individual Defendants had a duty to promptly disseminate accurate and truthful information with respect to the Company's operations, services, management, projections and forecasts so that the market

price of the Company's common stock would be based, at all pertinent times, on truthful and accurate information.

54. The Individual Defendants either directly participated in the decisions to release the false and misleading press releases and SEC filings complained of herein, and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially misleading nature, or knew or were reckless in not knowing that such violations were occurring, and took no action to prevent or remedy the situation.

55. Defendants caused Sonus to engage in a course of conduct which was designed to and did artificially inflate the market price of Sonus' securities and deceive the investing public regarding Sonus' financial reporting and business prospects. Defendants undertook this scheme to prolong the appearance of good fortune at Sonus, profit personally by trading while in possession of material, non-public information concerning the true financial condition of the Company, and maximize the value of their substantial personal holdings of Sonus stock.

56. Defendants either knew or were reckless in not knowing that the illegal acts and practices and misleading statements and omissions described herein would adversely affect the integrity of the market for Sonus' securities and would artificially inflate the prices of those securities. Sonus stock reached approximately $10 per share during the Relevant Period, yet was trading at approximately $5 per share after the truth regarding the Company's false financial statements was finally disclosed.

57. Defendants, by acting as alleged herein, in bad faith exposed Sonus to massive liability under the federal securities laws. As a result of the dissemination of the false and misleading statements described herein, the market price of Sonus' stock was artificially inflated. That has resulted in the Company being subjected to numerous class action lawsuits brought in the United States District Court for the District of Massachusetts on behalf of purchasers of Sonus securities during the time the Company was disseminating the above quoted false information ("the Class Actions").

58. Sonus has been damaged by its exposure to multi-million dollar damages claims by the members of the classes in the Class Actions, as well as to the substantial legal and other

professional expenses to be incurred in connection with the Class Actions. As a direct result of certain defendants' wrongful conduct and violations of the federal securities laws, Sonus has been forced to expend significant sums of money, including internal investigation costs for the investigation described in the February 11, 2004 press release.

59. In addition, the Company's reputation in the securities markets has been severely damaged, thereby hampering the Company's ability to secure future business partners and financing.

## DEMAND IS EXCUSED FOR FUTILITY

60. Demand on Sonus to bring this action has not been made and is not necessary because such demand would be futile. Sonus is controlled by its Board of Directors. As described herein, the Director Defendants, comprising five of the seven members of the board, were actively involved in, knew or recklessly disregarded the adverse non-public material facts regarding Sonus alleged herein, and/or illegally profited from the misconduct. The Director Defendants, due to their participation in the wrongful acts alleged and their potential individual financial exposure, are not disinterested and cannot exercise independent business judgment on the issue of whether Sonus should prosecute this action. As a result, demand on Sonus and its Board of Directors is futile and therefore excused.

61. Among the facts demonstrating the futility of demand are the following:

(a) Defendants Gruber and Ahmed, as Chairman of the Board and CEO, respectively, and as two of the Company's largest individual shareholders, were actively involved in the day-to-day management of Sonus and were directly responsible for the acts and omissions described herein, including but not limited to the false and misleading statements and omissions of material facts made in Sonus public filings and statements regarding the Company's revenue recognition practiced and internal control structures.

(b) Defendant Anderson sold thousands of shares of Sonus stock while in possession of material adverse inside information that the Company had engaged in improper revenue recognition practices and had insufficient internal controls in place, and that the price of the

Sonus stock was therefore artificially inflated. Thus, Anderson benefited from the artificial inflation his misconduct had created, in breach of his fiduciary duties of loyalty to Sonus and its shareholders. Anderson would never vote to investigate his own misconduct or to sue himself for his breach of fiduciary duty.

(c)     None of the other Director Defendants did anything to prevent the insider trading engaged in by defendant Anderson, or the substantial insider trading engaged in by several officers of the Company, as alleged herein. These directors knew of these unlawful acts, participated in the actions of their colleagues, and failed to prevent these breaches of the duty of loyalty. These directors would never sue themselves or their colleagues to recover said insider trading proceeds.

(d)     During the Relevant Period, the Company's Audit Committee consisted of defendants Anderson, Ferri and Severino. The Audit Committee should properly have been the keystone of Sonus' corporate governance and finance. Instead, the Director Defendants, and defendants Anderson, Ferri and Severino in particular, failed to ensure that Sonus' Audit Committee was an informed, vigilant and effective overseer of the Company's financial reporting process and its internal control systems. The Director Defendants either knew or should have known that Sonus lacked an adequate system of internal controls. The service on the Audit Committee by defendants Anderson, Ferri and Severino was an utter sham in that they took no action whatsoever to assure that such a system of internal controls was in place, as demonstrated by the Company's February 11, 2004 announcement that the Company was investigating the timing of its revenue recognition and that its financial statements were in question.

(e)     The Audit Committee's purported investigation of the accounting irregularities announced on February 11, 2004 is a sham in that defendants Anderson, Ferri and Severino are investigating themselves and their own failure to properly oversee and implement proper accounting controls. It defies logic that the Audit Committee members could perform an objective investigation of their own misconduct. The absence of internal controls directly contributed to the false financial disclosures alleged herein, and was the proximate cause of Sonus' exposure to massive liability for violation of federal securities laws.

(f) Sonus is and was controlled by its Board of Directors and as described herein, the Director Defendants are ultimately responsible for the Company's financial reporting, and were all involved in the wrongs alleged. These wrongs have given rise to the Class Actions, in which open market purchasers of Sonus stock have sued the Company and certain of the directors and/or officers asserting claims under the federal securities laws. None of the Director Defendants is in a position to exercise independent business judgment with respect to the claims alleged herein due to his participation in and responsibility for the conduct giving rise to the Class Actions, which have damaged and will continue to damage Sonus.

(g) Sonus has agreed to indemnify its directors and officers against liability for acts and omissions occurring in the performance of their duties as directors and officers and maintains insurance policies to cover the costs of such indemnification. Under the terms of those insurance policies, however, claims against directors which are brought by the Company, or other directors, are excluded from coverage. Therefore, Sonus' board, or any committee thereof, is effectively disabled from complying with any demand that would cause the Company to bring suit against the individual defendants because to do so would result in the loss of their insurance coverage.

(h) In order to bring this action for breaches of fiduciary duty, the members of Sonus' Board would have to sue themselves, and/or their fellow directors and allies in the top ranks of the Company. Each of the Director Defendants has been on the Board for at least five years, and defendant Gruber, the Company's Chairman, is a founder of the Company. The Director Defendants would therefore not initiate such litigation.

## **FIRST CAUSE OF ACTION**
## **BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS**

62. Plaintiff incorporates by reference the allegations set forth above.

63. In violation of their fiduciary duties to Sonus and its shareholders, defendants issued false and misleading statements to Sonus' shareholders and the investing public regarding the Company's results and business prospects throughout the Relevant Period. By reason of this

conduct, defendants have exposed Sonus to potential liability in the Class Actions and the cost of defending such litigation. In addition, the Company's reputation in the securities markets has been severely damaged, thereby hampering the Company's ability to secure future business partners and financing.

64.     Consequently, Sonus has been and is being further damaged by defendants' conduct in breach of their fiduciary duties.

## SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

65.     Plaintiff incorporates by reference the allegations set forth above.

66.     The preparation and dissemination of quarterly and annual financial statements that were materially false and inaccurate and not in accordance with GAAP represents a sustained and systematic failure by the Individual Defendants to assure the existence within Sonus of appropriate and adequate internal financial controls and a reasonable information and reporting system necessary to assure the accuracy of the Company's financial reporting.

67.     The breach by defendants of their duty to act with reasonable care was grossly negligent, reckless, and lacked a good faith effort by defendants to perform their fiduciary responsibilities.

68.     Sonus has been damaged by defendants' gross negligence and reckless disregard of their duties.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST INDIVIDUAL DEFENDANTS

69.     Plaintiff incorporates by reference the allegations set forth above.

70.     In consideration of the substantial compensation and professional enhancement and prestige, which each of the defendants received as directors and/or officers of Sonus, each of those defendants contracted with Sonus to act in the best interest of Sonus and to cause Sonus to operate lawfully and properly.

71. Each defendant named as a Sonus officer had a written contract with Sonus which he breached by his actions, as set forth herein. Each of the Director Defendants also had an express agreement to serve as a director of the corporation in exchange for compensation, which each Director Defendant breached by his actions herein.

72. By their actions and omissions set forth herein those defendants reached their contractual obligations and commitments to Sonus by not acting in the best interests of Sonus and causing or permitting Sonus to act in unlawful and improper ways.

73. Sonus has been damaged by defendants' breach of their contracts.

## FOURTH CAUSE OF ACTION

## BREACH OF DUTY OF LOYALTY-INSIDER TRADING-AGAINST THE INSIDER TRADING DEFENDANTS

74. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

75. By reason of their positions as directors and/or officers of Sonus during the Relevant Period, at the time the Insider Trading Defendants sold their Sonus shares, each had access to and knew highly material information regarding Sonus, and knew or should have known that the public disclosure of this information would adversely affect the market price of Sonus's stock.

76. In selling their Sonus stock, as set forth above, the Insider Trading Defendants used Sonus' material, non-public information for personal gain, in breach of their fiduciary duties to Sonus and its shareholders.

77. By reason of the aforesaid insider sales, the Insider Trading Defendants profited through their fiduciary positions. Defendants are obliged to disgorge these unlawful profits for the benefit of Sonus.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff, on behalf of Sonus, demands judgment against defendants, and each of them jointly and severally as follows:

A. determining that this suit is a proper derivative action and that plaintiff is an appropriate representative of Sonus for said action.

B. declaring that each of the Individual Defendants breached his fiduciary duty to Sonus;

C. determining and awarding Sonus the damages sustained by it as a result of the violations set forth above from each of the Individual Defendants, jointly and severally, together with interest thereon;

D. awarding plaintiff the costs and disbursements of this action, including reasonable fees and costs to plaintiff's attorneys, accountants and experts;

E. granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: February 26, 2004

By: _/s/ Peter A. Lagorio_

PETER A. LAGORIO (BBO NO. 567379)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

GREGORY M. NESPOLE
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP
270 Madison Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 545-4600

ROBERT C. SCHUBERT (BBO NO. 562242)
JUDEN JUSTICE REED
WILLEM F. JONCKHEER
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Telephone: (415) 788-4220

BRUCE G. MURPHY
LAW OFFICES OF BRUCE G. MURPHY
265 Llwyds Lane
Vero Beach, Florida 32963
Telephone: (772) 231-4202

Attorneys for Derivative Plaintiff