## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHELLE P. BURK, Derivatively on behalf of Sonus Networks, Inc., A Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 04-10384 (DPW) |
| v. | ) ) | |
| HASSAN M. AHMED, EDWARD T. ANDERSON, PAUL J. FERRI, RUBIN GRUBER, PAUL SEVERINO, JOHN MICHAEL O'HARA, EDWARD N. HARRIS, STEPHEN NILL and PAUL R. JONES, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SONUS NETWORKS, INC., A Delaware Corporation, | ) ) ) | |
| Nominal Defendant. | ) ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STAY OR, IN THE ALTERNATIVE, TO DISMISS

Defendants Hassan M. Ahmed, Edward T. Anderson, Paul J. Ferri, Rubin Gruber, Paul

Severino, John Michael O'Hara, Edward N. Harris, Stephen Nill and Paul R. Jones

("Defendants") respectfully submit this memorandum in support of their motion to stay or, in the

alternative, to dismiss this action.

## INTRODUCTION

Defendants request that the Court stay this action pending resolution of the Motion to Dismiss filed on March 22, 2004 by the Defendants in nearly identical, first-filed actions in the Business Litigation Session of the Massachusetts Superior Court (the "State Actions"). A stay of this action would be the most efficient use of both the parties' and the Court's resources, and would prevent duplicative litigation of substantially similar issues. In the alternative, the Defendants request that the Court dismiss this action for the reasons set forth in the Defendants' Motion to Dismiss the State Actions, attached hereto as Exhibit A.

## BACKGROUND

On February 11, 2004, nominal defendant Sonus Networks, Inc. ("Sonus" or the "Company") issued a press release announcing, among other things, that it had identified actions of certain employees that might affect its previous financial statements; that it was undertaking a detailed review of certain financial statement accounts; that the Company had terminated certain non-executive employees; that its Audit Committee was conducting an independent investigation; and that Sonus had notified the SEC of the independent investigation. (Compl. ¶ 35.) Shortly thereafter, nineteen putative securities class action lawsuits and five derivative lawsuits were filed against Sonus and certain of its officers and directors.[1]

---

[1]     The nineteen class action lawsuits were all filed in the United States District Court for the District of Massachusetts against Sonus and certain of its officers and directors. The actions are captioned as follows: (1) *Deborah Chin v. Sonus Networks, Inc., et al.*, 04-10294 (DPW); (2) *Richard Curtis v. Sonus Networks, Inc., et al.*, 04-10314 (MLW); (3) *Michelle Trebitsch v. Sonus Networks, Inc., et al.*, 04-10307 (DPW); (4) *Information Dynamics LLC v. Sonus Networks, Inc., et al.*, 04-10308 (DPW); (5) *Peter Kaltman v. Sonus Networks, Inc., et al.*, 04-10309 (DPW); (6) *Samantha Den v. Sonus Networks, Inc., et al.*, 04-10310 (DPW); (7) *Ronald Kassover v. Sonus Networks, Inc., et al.*, 04-10329 (DPW); (8) *Steve Baker v. Sonus Networks, Inc., et al.*, 04-10333 (DPW); (9) *Michael Kaffee v. Sonus Networks, Inc., et al.*, 04-10345 (DPW); (10) *Haimung Hu v. Sonus Networks, Inc., et al.*, 04-10346 (DPW); (11) *Charles Starbuck v. Sonus Networks, Inc., et al.*, 04-10362 (DPW); (12) *Samuel Ho v. Sonus Networks, Inc., et al.*, 04-10363 (DPW); (13) *Jeffrey Rodrigues v. Sonus Networks, Inc., et al.*, 04-10364 (DPW); (14) *Robert Conte and Mark Respler v. Sonus Networks, Inc., et al.*, 04-10382 (DPW); (15) *Wheaton Electrical Services Retirement 401K Profit Sharing Plan v. Sonus Networks, Inc., et al.*, 04-10383 (DPW); (16) *Brian Clark v. Sonus Networks, Inc., et al.*, 04-10454 (DPW); (17) *Saverio Pugliese v. Sonus Networks, Inc., et al.*, 04-10612 (DPW); (18) *David V. Nocito v. Sonus Networks, Inc., et al.*, 04-10623 (DPW); and (19) *Sheila Brownell v. Sonus Networks, Inc., et al.*, 04-10294 (DPW).

The first two derivative actions were filed in Massachusetts Superior Court on February 20, 2004 and assigned to the Business Litigation Session.[2] The State Actions name as defendants four officers of the Company (Paul Jones, Edward Harris, J. Michael O'Hara and Stephen Nill) and six directors of the Company (Hassan Ahmed (who is also the Chief Executive Officer), Rubin Gruber, Edward Anderson, Paul Ferri, Albert Notini and Paul Severino), including all of the members of the Audit Committee of Sonus. They assert claims for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment and misappropriation of information. On March 22, 2004, the Defendants filed the attached Motion to Dismiss the State Actions.

The remaining three derivative actions were filed in the United States District Court for the District of Massachusetts on February 23, February 26 and March 24, 2004 (the "Federal Actions").[3] The instant action (which was filed on February 26th) alleges claims against four officers (Messrs. Harris, Jones, Nill, and O'Hara) and five directors (Messrs. Ahmed, Anderson, Ferri, Gruber and Severino). Even though the instant action alleges claims against the Audit Committee of Sonus, it does not name all of the current members of the Audit Committee as defendants. The instant action asserts claims of breach of fiduciary duty, gross negligence, breach of contract and breach of the duty of loyalty. Much like the State Actions, the Plaintiff alleges, among other things, that the Defendants issued, or allowed to be issued, false and

---

[2]     The two derivative actions filed in Massachusetts Superior Court are captioned as follows: (1) *Steven Palma v. Hassan Ahmed, et al.,* 04-0753-BLS; and (2) *Brian Tillman v. Hassan Ahmed, et al.,* 04-0754-BLS, and are attached hereto as Exhibits B and C, respectively.

[3]     The three derivative actions filed in the United States District Court for the District of Massachusetts are captioned as follows: (1) *Daniel Williams v. Sonus Networks, Inc., et al.,* 04-CV-10359; (2) *Michelle Burk v. Hassan Ahmed, et al.,* 04-CV-10384; and (3) *Michael Pisnoy v. Hassan Ahmed, et al.,* 04-CV-10576. The Defendants filed a similar Motion To Stay Or, In The Alternative, To Dismiss the *Daniel Williams v. Sonus Networks, Inc.* action in this Court on March 22, 2004.

-3-

misleading statements and that the Directors failed to maintain and establish adequate internal

controls.

## ARGUMENT

**I.    The Court Should Stay Proceedings In This Action Pending Resolution Of The Motion To Dismiss The State Actions.**

### A.    The Court Has Discretion To Stay This Action.

This Court has discretion to stay proceedings in the instant action pending resolution of

the Defendants' Motions to Dismiss the parallel State Actions. *See Landis v. North Am. Co.*, 299

U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel, and for litigants"); *Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 105

(1st Cir. 1995) ("Ordinarily there could be no doubt that a court, although obliged to decide a

claim, would retain discretion to defer proceedings for prudential reasons. Indeed, a typical

reason is the pendency of a related proceeding in another tribunal"); *In re Villa Marina Yacht*

*Harbor, Inc.*, 984 F.2d 546, 548 (1st Cir. 1993) (noting that a district court has the "inherent

power ... to manage the litigation before it" including the power "to stay pending litigation when

efficacious management of docket reasonably requires").

The Court has the discretion to stay this action regardless of whether the parallel

proceedings are pending in federal court or in state court. *See Ash v. Alexander*, No. 99 Civ.

3820, 2000 WL 20704 (S.D.N.Y. Jan. 12, 2000) (staying federal court derivative action in favor

of parallel state court derivative action); *Saltzman v. Kirshner*, 77 Civ. 2886, 1978 WL 1096

(S.D.N.Y. Jan. 31, 1978) (same); *see also Great Am. Ins. Co. v. Precision Products Corp.*, 972

F.2d 337 (1st Cir. 1992) (affirming stay of action pending outcome of state court action); *Liberty*

*Mut. Ins. Co. v. Foremos-McKesson, Inc.*, 751 F.2d 475 (1st Cir. 1985) (same); *Chedester v.*

*Town of Whately*, 279 F. Supp. 2d 53 (D. Mass. 2003) (staying action pending outcome of

parallel state action); *Travelers Cas. & Sur. Co. v. Boston Gas Co.*, 76 F. Supp. 2d 59 (D. Mass.

1999) (same).

**B.      The Factors Used To Determine The Appropriateness Of A Stay, Given The Pending Motion To Dismiss The State Actions, Favor A Stay Of This Action.**

The Federal Courts have developed a list of factors to be considered in determining

whether a District Court should stay an action in favor of a parallel proceeding in State Court.

These factors include: (1) the similarity of the issues and the parties involved in the state

litigation; (2) the desirability of avoiding piecemeal litigation and the resulting prejudice to any

parties; (3) the adequacy of the state forum; (4) the temporal sequence of the filing of the actions;

and (5) the promotion of judicial efficiency. *See Colorado River Water Conservation Dist. v.*

*United States*, 424 U.S. 800, 818-20 (1976) (affirming district court's stay of federal action due

to pending state action); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 532

(1st Cir. 1991) (same); *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 252-53 (D.

Mass. 1999) (staying action pending outcome of parallel first-filed foreign action).[4] Applied

here, these factors – commonly referred to as the *Colorado River* factors – clearly favor a stay of

this action.

---

[4]      Other factors include: (1) fairness to and convenience of the parties; (2) whether either court has assumed jurisdiction over a *res*; (3) the vexatious or reactive nature of the federal lawsuit; and (4) whether state or federal law controls. *See Villa Marina Yacht Sales, Inc.*, 947 F.2d at 532; *Goldhammer*, 59 F. Supp. 2d at 252-53. Here, the first, second, and third factors are neutral. The fourth factor arguably favors a stay of this action given that derivative claims are creatures of state law; this is so even if Delaware law will apply, given the similarity between Massachusetts and Delaware law as to derivative claims. *See, e.g., Harhen v. Brown*, 431 Mass. 838, 845-48 (2000).

**1.    The Complaints Filed In The State Actions And The Federal Actions
Are Substantially Similar.**

The derivative complaints filed in the State Actions and the Federal Actions contain
substantially similar allegations – all focus on allegedly misleading statements made by Sonus in
connection with its earnings and revenues, and all accuse the Defendants of the same general
allegations of breach of fiduciary duty.  Additionally, all five of the derivative complaints claim
that the alleged misconduct commenced in April 2003 and ended in February 2004, and the
complaints all cite many of the exact same press releases and SEC filings to support their
allegations.

Indeed, there are only two relevant distinctions between the complaints in the State
Actions and the complaint in this action: (1) the complaints in the State Actions include two
additional causes of action; and (2) the complaints in the State Actions name one additional
individual as a defendant.  These distinctions in fact provide further support for a stay of this
action.  Since the State Actions allege two additional claims against the Defendants, no cause of
action would go unaddressed if the Court stays this action in favor of the State Actions.
Furthermore, the State Actions name more of the relevant parties as defendants (i.e., the current
members of the Company's Audit Committee).

Moreover, the rights and interests of the Plaintiff in the instant action will be adequately
protected, since all of Plaintiff's claims are included in the State Actions.  *See Ash*, 2000 WL
20704, at *3 (staying federal court derivative action in favor of state court derivative action
where the state action "completely encompasses plaintiff's claim for breach of fiduciary duty, as
well as several other closely related claims"); *see also Villa Marina Yacht Sales, Inc.*, 947 F.2d at
533 (dismissal appropriate even where all issues not identical because "perfect identity of issues

-6-

is not a prerequisite"); *Landis,* 299 U.S. at 254-55 (the parties need not be the same and the issues need not be identical to empower a federal district court to stay proceedings in one suit).

> **2.  Allowing This Action To Proceed Would Create Piecemeal Adjudication That Could Potentially Prejudice The Defendants.**

Allowing this action to proceed concurrently with the State Actions would result in the duplicative and unnecessary litigation of substantially similar issues in separate forums. Such concurrent, nearly identical litigation puts an undue burden on the Defendants, and puts Defendants at risk of receiving inconsistent rulings on dispositive motions and other matters of critical importance. This risk alone warrants a stay of this action. *See, e.g., Liberty Mut. Ins. Co.,* 751 F.2d at 477 (affirming stay of federal action in deference to parallel state action and noting that "piecemeal litigation could severely prejudice the rights of one of the parties"); *Chedester,* 279 F. Supp. 2d at 58 (staying action to avoid "piecemeal litigation"); *American Mgmt. Servs., Inc. v. George S. May Int'l Co.,* 933 F. Supp. 64, 71 (D. Mass. 1996) (staying action "[i]n light of the serious danger of piecemeal litigation"); *Swergold v. Lifetime Corp.,* No. 93 CIV. 4877, 1993 WL 512905, at *3 (S.D.N.Y. Dec. 3, 1993) (staying action in light of parallel state court action; noting that "the delays caused by inconsistent litigation results [] present an exceptional circumstance warranting the grant of a stay"); *Instant Disposal Serv., Inc. v. Liberty Mut. Ins. Co.,* No. 88-0841, 1993 WL 427135, at *4 (D. Mass. October 1, 1993) (dismissing federal action in deference to parallel state proceeding because of the potential for "severe [] prejudice" as a result of the "risk of inconsistent application of the same standard contractual terms" of insurance policies).

It is particularly important to avoid the risk of piecemeal litigation in cases such as this one, where "the issues in the parallel proceedings are the same or substantially similar." *Ash,* 2000 WL 20704, at *3. Given the similarity of the issues in the Federal Actions and the State

Actions, any inconsistent rulings could "breed additional litigation on assertions of claim and

issue preclusion." *Arkwright-Boston Mfr. Mut. Ins. Co., v. City of New York*, 762 F.2d 205, 211

(2d Cir. 1985). Such additional litigation could burden the courts and the parties "for years to

come." *Id.*

### 3.    The State Court Is An Adequate Forum.

The State Court is an adequate forum for the fair and efficient adjudication of all of the

issues relevant to this litigation. Indeed, not only are state courts in the best position to

adjudicate derivative actions, but the State Actions are pending in the Business Litigation

Session of the Superior Court which was created to address claims of this very sort. *See, e.g.,*

*Daily Income Fund, Inc. v. Martin Fox*, 464 U.S. 523, 531 (1984) (noting that State courts are

the "natural ... lawful ... and appropriate forum" for corporate causes of action); *see also*

*Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700-03 (7th Cir. 1992)

(affirming district court's stay of federal action; noting that the stay was appropriate because

there was a "substantial likelihood" that all claims would be disposed of during the state

litigation); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 911 F.2d 993, 1003-

05 (5th Cir. 1990) (affirming stay of federal action in favor of parallel proceeding in state court;

noting that all necessary parties are before the state court and all claims can be adjudicated

there).

In addition, as set forth above, because the State Actions allege additional claims for

relief and name more of the arguably relevant parties as defendants than does the instant action,

the state court is in the best position to address fully all of the issues raised by Defendants in

their Motions to Dismiss the State Actions. *See Ash*, 2000 WL 20704, at *3 (staying federal

court derivative action in favor of state court derivative action where the state action "completely

-8-

encompasses plaintiff's claim for breach of fiduciary duty, as well as several other closely related claims").

### 4.    The State Actions Were First Filed.

It is well established that a court may decline jurisdiction and give priority to the first-filed action. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) ("where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience [or] special circumstances ... giving priority to the second") (quoting *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *American Fed'n of Gov't Employees v. Weinberger*, No. CV486-353, 1987 WL 16283, at *2 (S.D. Ga. June 1, 1987) (holding that a stay in the second-filed action was appropriate where an action was previously filed involving substantially the same issues).

Courts have concluded that that this general deference to first-filed actions – commonly referred to as the "first to file" rule – is necessary to promote judicial efficiency and sound judicial administration. *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-97 (9th Cir. 1982). In this case, because the State Actions were filed before any of the Federal Actions (including the instant action before this Court), this factor also weighs in favor of staying the instant action. *See, e.g., Blue Rhino Corp. v. Stockgrowers State Bank*, No. CIV.A.03-2123-CM, 2004 WL 316387, at *8 (D. Kan. Jan. 7, 2004) (fact that state court action was filed first weighed in favor of stay).

### 5.    Staying This Action Would Promote Judicial Efficiency.

In determining whether a stay is appropriate, the Court should also consider the effect of a stay on the conservation of judicial resources. *See, e.g., Chedester*, 279 F. Supp. 2d at 58 (staying action pending parallel state proceeding and noting that a "stay would doubtless

promote 'judicial economy'"); *Conoco, Inc. v. Skinner*, Civ. A. No. 91-122-JLL, 1991 WL

317019, at *1-2 (D. Del. Nov. 12, 1991) (granting stay, in part, to "conserve the time, effort and

resources of all involved" and promote fair and efficient adjudication). Granting a stay in this

action would conserve judicial resources by preventing different courts from concurrently

considering substantially similar issues, and would contribute to the "orderly administration of

justice." *See, e.g., Goldhammer,* 59 F. Supp. 2d at 253 ("Two simultaneous pending lawsuits

involving identical issues and between the same parties . . . is certainly anything but conducive to

the orderly administration of justice."). Thus, the Court should stay this action "in the exercise

of its discretion and in the interest of economy of time and effort on the part of the court, counsel

and the parties." *Saltzman,* 1978 WL 1096, at *4 (staying federal court derivative action in favor

of state court derivative action).[5]

## II.     Should The Court Deny The Motion To Stay, Then This Action Should Be Dismissed.

To the extent that the Court chooses to permit this action to go forward, then it should be

dismissed for the reasons set forth in the Defendants' Motion to Dismiss the State Actions,

attached hereto as Exhibit A.

**CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court grant their

motion to stay this action until the Massachusetts Superior Court has ruled on the Defendants'

Motion to Dismiss the State Actions. In the alternative, in the event that the Court denies the

---

[5]     The recently filed securities class action lawsuits are irrelevant to this analysis given that: (1) the securities class actions are governed by federal law, not state law, and must be brought in federal court; (2) the plaintiffs in the securities class actions allege different causes of action than the plaintiffs in the derivative cases (which again are all governed by state law); and (3) the specific procedures outlined in the Private Securities Litigation Reform Act of 1995 will result in the Court not reaching any decision on the securities class actions for several months, whereas for the reasons set forth in the Defendants' Motion to Dismiss, the State Actions could be disposed of in the near future.

Defendants' request for a stay, then the Defendants request that the Court dismiss this action in its entirety for the reasons set forth in the Defendants' Motion to Dismiss the State Actions, attached hereto as Exhibit A.

Respectfully submitted,

Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO #553073)
Daniel W. Halston (BBO #548692)
Joanne Monteavaro (JM-4053)
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel:  (617) 526-6000
Fax: (617) 526-5000
*Attorneys for Defendants Edward T.*
*Anderson, Paul J. Ferri, Edward Harris, John*
*Michael O'Hara, Paul Jones, Paul J. Severino*
*and Nominal Defendant Sonus Networks, Inc.*


Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Exchange Place Building
53 State Street
Boston, Massachusetts 02109
Tel:  (617) 248-5000
Fax: (617) 248-4000
*Attorneys for Defendant Hassan M. Ahmed*

*Matthew J. Matule (TJD)*

Thomas J. Dougherty (BBO #132300)
Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meager & Flom LLP
One Beacon Street
Boston, Massachusetts 02108
Tel:  (617) 573-4800
Fax:  (617) 573-4822
*Attorneys for Defendant Stephen J. Nill*


*John D. Hughes (TJD)*

John D. Hughes (BBO #243660)
Edwards & Angell LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:  (617) 439-4444
Fax:  (617) 439-4170
*Attorneys for Defendant Rubin Gruber*


Dated: April 2, 2004

## CERTIFICATE OF SERVICE

I, Joel B. Kemp, hereby certify that on this 2nd day of April, 2004, I caused to be served upon Plaintiff's counsel the Defendants' Motion To Stay Or, In The Alternative, To Dismiss by causing a copy to be delivered by federal express to the following:

Peter A. Lagorio, Esq.
Gilman and Pastor, LLP
999 Broadway, Suite 500
Saugus, Massachusetts 01906


Joel B. Kemp