UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE P. BURK., Derivatively on behalf of Sonus Networks, Inc, A Delaware Corporation, <br><br> Plaintiff <br><br> v. <br><br> HASSAN AHMED; EDWARD T. ANDERSEN; ALBERT A NOTINI; PAUL J. FERRI; RUBIN GRUBER; PAUL SEVERINO; JOHN MICHAEL O'HARA; EDWARD N. HARRIS; STEPHEN NILL; and PAUL R. JONES; <br><br> Defendants <br><br> -and- <br><br> SONUS NETWORKS, INC., A Delaware Corporation, <br><br> Nominal Defendant. | No. 04-10384 DPW |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY OR, IN THE ALTERNATIVE, TO DISMISS**

**INTRODUCTION**

This is a shareholder derivative action brought on behalf of nominal defendant Sonus

Networks, Inc. ("Sonus" or the "Company"), a Delaware corporation located in Westford,

Massachusetts. On February 11, 2004, Sonus announced that certain issues had been identified at

the Company relating to the timing of recognition of revenue from customer transactions, which

would likely affect the Company's publicly reported 2003 financial results. On March 29, 2004,

{00002383.DOC ; 1}

Sonus announced that the filing of its annual Form 10-K for fiscal year 2003 would be delayed, and further announced that the Company's financial statements for all of fiscal year 2002 and the first three quarters of fiscal 2003 would have to be restated, and that the investigation into the Company's accounting practices could extend into even earlier periods. On April 6, 2004, the Company announced that its investigation would indeed be expanded to include reporting periods prior to 2002. Prior to disclosing these serious and extensive accounting irregularities which caused the price of Sonus stock to decline precipitously, certain insiders sold millions of dollars worth of their personal holdings of Sonus shares.

In this action, plaintiff, on behalf of Sonus, asserts claims for breach of fiduciary duty, breach of contract, gross negligence and insider trading based on allegations that defendants, who are officers and/or directors of the Company, damaged Sonus by deliberately, in bad faith or recklessly (i) implementing a sham system of internal controls completely inadequate to ensure proper recognition of revenue, (ii) causing the Company to issue false and misleading statements regarding the Company's earnings and revenues, (iii) exposing the Company to massive liability for in a series of securities fraud class actions filed in this Court ("the Class Actions"), (iv) damaging the Company's reputation, and (v) trading Sonus shares while in possession of material, non-public information regarding the true financial condition of the Company.

Defendants have moved to stay this action in deference to a derivative action filed by another shareholder in the Massachusetts Superior Court. The have also moved, in the alternative, to dismiss it based on a brief they filed in that case, which asserts that the state court plaintiff has failed to adequately allege the futility of demand. Both motions must be rejected.

According to defendants, a stay is authorized under the Supreme Court's reasoning in Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976). Defendants' argument must be rejected. As illustrated below, Colorado River is a narrow doctrine which authorizes a stay only in exceptional circumstances, which are not present here. Furthermore, defendants' motion makes no sense from a practical perspective - this Court will be presiding over the Class Actions which are based on the same facts, and several of the parties to this case are before the Court in the Class Actions. Efficiency, wise judicial administration, and the

{00002383.DOC ; 1}

comprehensive disposition of litigation, which are the principles upon which a <u>Colorado River</u> stay is typically granted, will not be served by staying this action in federal court, and would in fact be promoted by this action proceeding here.

Defendants' motion to dismiss, based on a brief they filed in another case and addressing different allegations, must also be denied. If defendants wish to file a motion to dismiss against this complaint, they may do so at the appropriate time, after the three derivative actions pending before this Court are consolidated.

## RELEVANT PROCEDURAL HISTORY

Defendants are moving to stay this case in deference to an action captioned <u>Palma v. Ahmed</u>, No. 04-0753-BLS, pending in the Massachusetts Superior Court, Business Litigation Section, or in the alternative, to dismiss the action based on a motion to dismiss they filed in that case. The state case, along with a companion case, was filed on February 20, 2004. The instant action was filed on February 26, 2004, and is one of three derivative actions pending in this Court. All of the derivative actions arise out of the Company's February 11, 2004 announcement regarding the discovery of accounting problems at the Company, and, with some variations, assert claims for breach of fiduciary duty against the Company's officer and directors in connection with the issuance by Sonus of false and misleading financial statements. In addition to the three derivative actions pending here, at least nineteen class action lawsuits asserting violations of the federal securities laws are also pending in this Court.

## ARGUMENT

### A.   No Stay Is Justified.

In <u>Colorado River</u>, the Supreme Court described the doctrine of abstention, pursuant to which a district court may dismiss or stay federal litigation in deference to parallel proceedings in state court, as follows:

> Abstention from the exercise of federal jurisdiction is the
> exception, not the rule.  'The doctrine of abstention, under which a
> District Court may decline to exercise or postpone the exercise of
> its jurisdiction, is an extraordinary and narrow exception to the
> duty of a District Court to adjudicate a controversy properly before
> it.  Abdication of the obligation to decide cases can be justified

{00002383.DOC ; 1}

under this doctrine only in the <u>exceptional circumstances</u> where the
order to the parties to repair to the State court would clearly serve
an important countervailing interest.'"

424 U.S. at 813. [emphasis supplied].

The Supreme Court noted that abstention is ordinarily based on "considerations of state-federal comity or on avoidance of constitutional decisions" – however, a district court may also act based on "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Id</u>. at 817. However, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," as the district courts have a "virtually unflagging obligation" to exercise jurisdiction over claims properly filed before them. <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 15 (1983).

The Supreme Court has declined to create a "mechanical checklist" for analyzing whether a federal court should abstain from proceeding, but instead requires a balancing of the important factors that apply in each case, "<u>with the balance heavily weighted in favor of the exercise of jurisdiction</u>." <u>Cone</u> at 16 [emphasis supplied]. These factors include:

> 1) whether the state or federal court has assumed jurisdiction over
> a res, 2) the inconvenience of the federal forum, 3) the desirability
> of avoiding piecemeal litigation and 4) the order in which the
> concurrent forums obtained jurisdiction. *Colorado River, 424 U.S.*
> *at 818-19.* In Moses H. Cone, the Supreme Court added two
> additional elements: 5) whether state or federal law controls and 6)
> the adequacy of the state forum to protect the parties' rights.
> *Moses H. Cone, 460 U.S. at 23-26.* Another factor considered by
> many courts, including those in the First Circuit, is 7) the vexatious
> or reactive nature of the federal lawsuit, in other words the
> plaintiff's motivation for bringing the federal case. *Villa Marina*
> *Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 532 (1st Cir.*
> *1991)* ("Villa Marina II").

<u>See</u> <u>The Paul Revere Variable Annuity Insurance Company v. Thomas</u>, 66 F. Supp. 2d 217 (D. Mass. 1999); <u>Villa Marina Yacht Sales, Inc. v. Hatteras Yachts</u>, 947 F.2d 529, 532 (1st Cir.

1991). As explained below, when applied to the circumstances in this case, the factors relevant to this case require that defendants' motion to stay be denied.

1.       **Convenience and Judicial Economy Provide No Basis For A Stay Here.**

Since this Court will be presiding over the Class Actions, litigating the derivative claims here would be efficient. Indeed, as a result of the Class Actions, this Court will become intimately familiar with the underlying factual allegations regarding Sonus' restatement of financial results. For example, in both cases, the Court will rule on issues such as the sufficiency of the allegations regarding defendants' participation in and/or knowledge of the alleged misconduct. This Court will also be able to efficiently manage and coordinate discovery and other pretrial matters in the class and derivative actions as this complex litigation proceeds.

In a footnote on the last page of their brief, defendants ask the Court to simply disregard the Class Actions in the Colorado River analysis, apparently because they have made a strategic decision to litigate the state court derivative action, rather than seek to stay it. This Court need not, and under Colorado River should not, stay a properly filed case based on defendants' litigation strategy to simultaneously litigate related claims in state and federal court.

The existence of the Class Actions in this Court undercuts defendants' reliance upon Ash v. Alexander, 2000 U.S. Dist LEXIS 171 (S.D.N.Y. January 12, 2000) and Saltzman v. Kirshner, 1978 U.S. Dist LEXIS 19823 (S.D.N.Y. January 31, 1978), the only cases cited by defendants involving stay or dismissal of a federal shareholder derivative in deference to another derivative action pending in state court.[1] Neither case appears to involve a situation where, as here, the federal court called upon to stay or dismiss the action would actually have retained jurisdiction over other active and closely related litigation based on the very same facts and circumstances.

It is ironic that defendants seek relief under Colorado River, since the stay doctrine they invoke is designed to ensure that litigation proceeds in one forum, not two. Defendants cannot explain how their strategy to proceed on related claims based on the same facts in two separate

---

[1] Furthermore, in Saltzman, which does not even cite Colorado River, the court stayed the action because the state court action asserting similar claims had settled, not based on traditional stay factors.

{00002383.DOC ; 1}

courts furthers principles of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River at 817. Indeed, rather than seek a stay of the state court action so that all matters may be heard in this Court, defendants are advocating for litigation relating to Sonus' restatement of financial results to occur in two separate courts, requiring the investment of time and resources of two different judges in managing the case. This is inconsistent with Colorado River.

2.    **Incantation of "Piecemeal Litigation" Does Not Justify A Stay.**

Defendants argue that if this action were to proceed, they would be exposed to risk of inconsistent rulings due to "piecemeal" litigation in both state and federal court. Defendants fail to acknowledge that under Colorado River, "piecemeal" litigation sufficient to justify a stay does not arise merely from the existence of the same legal issue pending before state and federal courts. Indeed, courts in this Circuit recognize that only "exceptional" cases of concurrent litigation implicate Colorado River:

> The pendency of an overlapping state court suit is, however, insufficient in and of itself to justify abstention. A federal lawsuit should not be dismissed in deference to state litigation simply because two courts would be deciding the same issue. *Villa Marina II, 947 F.2d at 535.* Instead, "the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the Commonwealth court." *Villa Marina I, 915 F.2d at 16.*

Paul Revere, 66 F. Supp. at 223.

Such an "exceptional basis" typically involves matters related to express federal policy against piecemeal litigation. See, e.g., Colorado River, 424 U.S. at 819 ("The clear federal policy evinced by [the McCarran Amendment] is the avoidance of piecemeal adjudication of water rights in a river system."); Cone, 460 U.S. at 20 ("paramount" factor justifying stay in Colorado River was federal water policy); Villa Marina Yacht Sales v. Hatteras Yachts, 915 F. 2d 7, 16, n. 11 (1st Cir. 1990) ("In Colorado River, the Supreme Court relied upon a federal statute, the McCarran Amendment, whose "primary policy" was avoidance of piecemeal litigation regarding

{00002383.DOC ; 1}

water rights . . . . No such policy is at stake here."); <u>Ryan v. Johnson</u>, 115 F. 3d 193 (3d Cir. 1997) (Supreme Court has never held "that the mere possibility of piecemeal litigation justifies Colorado River abstention; rather, there must be a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review.") As the court noted in <u>Ryan</u>, 115 F. 3d at 198, unless governed by such a policy, "the test becomes so broad that it swallows up the century-old principle" permitting concurrent state and federal jurisdiction.

No express federal policy is at issue here. Instead, this case involves essentially garden variety state law claims of breach of fiduciary duty, breach of contract and gross negligence against corporate officers and directors. No "federal policy" exists requiring such matters to be resolved in the state courts. To the contrary, Rule 23.1, under which this action has been brought, expressly provides a mechanism for enforcing traditionally state law-based shareholder derivative claims in federal court, so long as diversity jurisdiction can otherwise be established. Defendants' repeated concerns about "piecemeal" litigation therefore utterly fail within the appropriate analytical framework established by <u>Colorado River</u>.[2]

Defendants' cases present a myriad of factual and legal postures which shed no light on the inquiry before this Court. For example, in <u>Liberty Mutual Insurance Co. v. Foremost-McKesson, Inc.</u>, 751 F. 2d 475 (1st Cir. 1985), the district court issued a stay because the concurrent state and federal actions sought declaratory relief regarding language in an insurance contract. But the standards for obtaining a stay in federal court are "relaxed" in declaratory relief actions. See <u>Villa Marina</u>, 915 F. 2d at 16, n. 11 (1st Cir. 1990). Defendants' citation to <u>Instant Disposal Service, Inc. v. Liberty Mutual Insurance Co.</u>, 1993 U.S. Dist. LEXIS 14739 (D. Mass. October 1, 1993) is without relevance for the same reason. Notably, while citing these cases as general authority for a stay in this case, defendants neglect to apprise this Court that these cases apply special "relaxed" standards to declaratory relief actions.

---

[2] In <u>Ash</u>, 2000 U.S. Dist LEXIS 171, in analyzing the "piecemeal" litigation factor under <u>Colorado River</u>, the court simply disregarded the requirement of an express federal policy against concurrent state and federal litigation. As explained above, no federal policy is implicated in state law-based shareholder derivative litigation.

{00002383.DOC ; 1}

In <u>American Management Services, Inc. v. George May International Co.</u>, 933 F. Supp. 64 (D. Mass. 1996), the court stayed the action because an alleged claim for abuse of process depended upon the validity of certain actions filed in Illinois state court, which the court concluded would have to be resolved first. In <u>Swergold v. Lifetime Corp.</u>, 1993 U.S. Dist. LEXIS 17014 (S.D.N.Y. December 3, 1993), yet another action for declaratory relief, the court concluded, among other things, that "unsettled" issues of Delaware law counseled for a stay in favor of a concurrent Delaware case. In <u>Arkwright-Boston Mfr. Mut. Ins. Co. v. City of New York</u>, 762 F. 2d 205 (2nd Cir. 1985), the court affirmed a stay where "significant local interest" in damage caused by a water main break, and novel issues of state law, counseled in favor of resolution by a state court. None of these cases further the analysis of the issues presented here.

3.    **The Order In Which The State And Federal Cases Were Filed Is Irrelevant.**

Defendants claim that the "first-filed" rule supports a stay here since the state case which they have chosen to litigate in state court was filed first. This argument must be rejected. First, this action and the first state action were filed just six days apart, and no attempt is made to argue that the state court action has progressed further than this one. See <u>Cone</u>, 460 U.S. at 21 (filing of state court action 19 days before federal action provided no support for stay under <u>Colorado River</u>). Furthermore, where representative actions are concerned, the first-filed rule must give way to interests of the represented party. See <u>Biondi v. Scrushy</u>, 820 A. 2d 1148, 1159 n. 22 (Del. Ch. 2003) (in representative actions there "little reason to accord decisive weight to the priority of filing.") Among the issues to be considered are the adequacy of representation in the various courts, and which forum is the most convenient for the parties. <u>Id</u>. As set forth above, given the pendency of the Class Actions in this Court, the interests of the Company are clearly advanced by centralized litigation in this Court.

4.    **This Court Is More Than Capable Of Adjudicating State Law Claims.**

Defendants argue that a stay is appropriate because state law claims are better addressed by the state court. But the law is clear that abstention on these grounds is appropriate only in "rare circumstances" when a case presents "complex questions of state law that would best be resolved by a state court." <u>Villa Marina</u>, 915 F. 2d at 15. As the court noted in <u>Ryan</u>, 115 F. 3d at

{00002383.DOC ; 1}

Page 8

199-200, "although it is possible that some case could involve a skein of state law so intricate and unsettled that resolution in the state court might be more appropriate, traditional [state] law does not fit that description." As explained above, this case involves "traditional" corporate law claims that are expressly permitted to be prosecuted in federal court under Rule 23.1. Defendants do not argue that "rare circumstances" justify abstention.[3] Furthermore, since Sonus is a Delaware corporation, issues of Delaware law may apply. This Court is just as capable of applying Delaware law as is the Massachusetts court.

**B.    Defendants' "Motion to Dismiss" Must Be Denied.**

In an extraordinary tactic, defendants argue that if the Court should decline to stay this action, it should dismiss it based on a brief they filed in the state court action, which argues that plaintiff in the state case failed to adequately allege the futility of demand. Incredibly, defendants request the Court to dismiss this case by analyzing allegations made by a different plaintiff in a different complaint in a separate action. The Court should reject this unusual practice, which is burdensome on this Court, and for which defendants can cite no precedent. If defendants wish to move to dismiss this case based upon alleged futility of demand, they may make the appropriate motion directed towards the actual allegations in the complaint.

In any event, defendants' motion to dismiss is also premature. Three derivative actions are pending in this Court. Consolidation and an organizational order are appropriate where there are actions pending involving common questions of law or fact. <u>See</u> Fed. R. Civ. P. 42(a); <u>Johnson v. Celotex Corp.</u>, 899 F. 2d 1281, 1284 (2d Cir. 1990). The benefits of consolidation are that it promotes efficiency and judicial economy, eliminating the need for multiple answers to multiple complaints, streamlining discovery, and avoiding the harassment of parties and witnesses from multiple proceedings. <u>See generally Katz v. Realty Equities Corp. of New York</u>, 521 F. 2d 1354 (2d Cir. 1975). Here, the Court should order consolidation and the filing of an amended complaint before entertaining a motion to dismiss.

---

[3] Defendants make much of the fact that the state action names more defendants and asserts more claims, and that its disposition will therefore "encompass" plaintiff's case. Plaintiff made the allegations in her initial pleading as she believed appropriate, but is of course free to add additional parties and claims at a later time should the facts permit it. Plaintiff's case should not be stayed merely for filing a different pleading than the state court plaintiff.

{00002383.DOC ; 1}

## CONCLUSION

This Court's <u>Colorado River</u> analysis must be "heavily weighted" in favor of exercising jurisdiction. Not even one of the factors cited by defendants provides a compelling reason for stay. Defendants' motion to stay must therefore be denied. Their "motion to dismiss" must also be denied as it is both improper and premature.


DATED: April 27, 2004


By:    /s/ Peter A. Lagorio
PETER A. LAGORIO (BBO#567379)
GILMAN & PASTOR
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

GREGORY M. NESPOLE
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP
270 Madison Avenue, 9th Floor
New York, New York 10016
Telephone (212) 545-4600

ROBERT C. SCHUBERT
JUDEN JUSTICE REED
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Telephone: (415) 788-4220

Attorneys for Derivative Plaintiff

{00002383.DOC ; 1}