UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, on behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants | No. 04-10294 DPW |
| DANIEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>HASSAN AHMED, et al.<br><br>Defendants<br><br>-and-<br><br>SONUS NETWORKS, INC., A Delaware Corporation,<br><br>Nominal Defendant. | No. 04-10359 DPW |
| MICHELLE P. BURK,<br><br>Plaintiff<br><br>v.<br><br>HASSAN AHMED, et al.<br><br>Defendants<br><br>-and-<br><br>SONUS NETWORKS, INC., A Delaware Corporation,<br>Nominal Defendant. | No. 04-10384 DPW |

{00002486.DOC ; 1}

| | |
|---|---|
| MICHAEL PISNOY,<br><br>Plaintiff<br><br>v.<br><br>HASSAN AHMED, et al.<br><br>Defendants<br><br>-and-<br><br>SONUS NETWORKS, INC., A Delaware Corporation,<br><br>Nominal Defendant. | No. 04-10576 DPW |

**PLAINTIFF MICHELLE BURK'S MEMORANDUM OF LAW (1) IN SUPPORT OF MOTION TO CONSOLIDATE DERIVATIVE CASES AND TO APPOINT CO-LEAD COUNSEL AND (2) IN OPPOSITION TO PLAINTIFF WILLIAMS' MOTION FOR APPOINTMENT OF LEAD DERIVATIVE COUNSEL**

## INTRODUCTION

Plaintiff Michelle Burk files this memorandum in support of her motion (1) to consolidate three substantially similar shareholder derivative actions currently pending before this Court against certain officers and directors of Sonus Networks, Inc. ("Sonus" or "the Company"), (2) for appointment of Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf Haldenstein") and Schubert & Reed LLP ("Schubert & Reed") as co-lead counsel for the derivative plaintiffs, and (3) for appointment of Gilman & Pastor, LLP ("Gilman & Pastor") as liaison counsel for the derivative plaintiffs. By this memorandum, plaintiff Burk also opposes plaintiff Williams' motion for appointment of lead derivative counsel, filed on April 27, 2004. For the reasons set forth below, plaintiff Burk's motion should be granted, plaintiff Williams' motion for appointment of lead derivative counsel should be denied, and proposed Pretrial Order No. 1 submitted herewith should be entered by this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Sonus is a Delaware corporation located in Westford, Massachusetts. On February 11, 2004, Sonus announced that certain improper revenue recognition practices would affect its publicly reported 2003 financial results. On March 29, 2004, Sonus announced that the filing of its annual Form 10-K for fiscal year 2003 would be delayed, and further stated that the Company's financial statements for all of fiscal year 2002 and the first three quarters of fiscal 2003 would have to be restated, and that the investigation into the Company's accounting practices could extend into even earlier periods. On April 6, 2004, the Company announced that its investigation would be expanded to include reporting periods prior to 2002. Prior to disclosing these matters, which caused the price of Sonus stock to decline precipitously, certain insiders sold millions of dollars worth of their personal holdings of Sonus shares.

Three shareholder derivative actions have been filed in this Court in connection with the foregoing. They are captioned Williams v. Ahmed et al., 1-04-civ-10359 DPW (filed February 23, 2004), Burk v. Ahmed et al., 1-04-civ-10384 DPW (filed February 26, 2004) and Pisnoy v. Ahmed et al., 1-04-civ-10576 DPW (filed March 24, 2004)("the Derivative Actions"). There are also approximately twenty class actions pending before this Court ("the Class Actions") asserting violations of the federal securities laws based on the same facts and circumstances underlying the Derivative Actions.

The Derivative Actions assert various claims against the Company's officers and directors and seek damages from them on the Company's behalf. For example, plaintiff Burk asserts claims for breach of fiduciary duty, breach of contract, gross negligence and insider trading based on allegations that defendants damaged Sonus by deliberately, in bad faith or recklessly (1) implementing a sham system of internal controls inadequate to ensure proper recognition of revenue, (2) causing the Company to issue false and misleading statements regarding the Company's earnings and revenues, (3) exposing the Company to liability in the Class Actions, (4) damaging the Company's reputation, and (5) trading Sonus shares while in possession of material, non-public information regarding the Company's true financial condition.

On March 22, 2004, defendants moved to stay <u>Williams</u> in deference to a shareholder derivative action based on similar facts which is currently pending in Massachusetts Superior Court, captioned <u>Palma v. Ahmed</u>, No. 04-0753-BLS. On April 12, 2004, rather than oppose the motion, counsel in <u>Williams</u> stipulated with defendants to stay <u>Williams</u> pending proceedings in the state court action. On April 2, 2004, defendants moved to stay <u>Burk</u> on the same ground, but unlike counsel in <u>Williams</u>, counsel for plaintiff Burk vigorously opposed such a stay, and filed an opposition brief on April 27, 2004. The matter is still in the briefing stage. In <u>Pisnoy</u>, the third derivative action to be filed, no motions have been filed and there has been no other activity, according to the online Pacer system, as of May 10, 2004.

A scheduling conference in all three actions is set for June 28, 2004.

## ARGUMENT

A.  **The Derivative Actions Should Be Consolidated.**

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

District courts have broad discretion to consolidate actions and should consider the benefits of convenience and efficiency in doing so. "[C]ourts have taken the view that considerations of judicial economy favor consolidation." <u>Johnson v. Celotex Corp.</u>, 899 F. 2d 1281, 1284-85 (2d Cir.), <u>cert denied</u>, 498 U.S. 920 (1990). The Derivative Actions are ideally suited for consolidation. Each action is brought by a shareholder of Sonus and alleges the same basic underlying facts regarding the same or similar set of defendants, and asserts identical or similar claims for damages on the Company's behalf. Consolidation at this stage will ensure that the Derivative Actions are litigated in an efficient manner for the parties and the Court.[1]

---

[1] Plaintiff Burk concurs with counsel in <u>Williams</u> that, given the fundamentally different nature of class and derivative claims, the Derivative Actions should not be included in the consolidation order to be issued by the Court in the Class Actions, but instead should be consolidated separately.

{00002486.DOC ; 1}

**B.     Wolf Haldenstein And Schubert & Reed Should Be Appointed Co-Lead Counsel.**

The Manual for Complex Litigation recognizes the importance of designating of lead counsel at the early stage of complex litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and conducts witness examinations, may result in waste of time and money, in confusion and indirection, and in unnecessary burden on the court. Special procedures for coordination of counsel are therefore needed and should be instituted early in the litigation to avoid unncessary costs and duplicative activity.

Manual for Complex Litigation (Third), §20.22 (1995).

Appointment of lead counsel is clearly appropriate where, as here, multiple actions have been filed alleging similar facts and claims. Among the factors to be considered in appointing lead counsel are counsel's experience and prior success in similar litigation, demonstrated initiative and conduct in the action, and familiarity with the legal and factual issues. Newberg on Class Actions, §9.35 (4th Ed. 2002). Plaintiff Burk respectfully requests that her counsel Wolf Haldenstein and Schubert & Reed be appointed co-lead counsel in the Derivative Actions. As set forth in their respective firm resumes attached as Exhibits A and B to the Affidavit of Peter A. Lagorio ("Lagorio Aff."), filed herewith, Wolf Haldenstein and Schubert & Reed have extensive experience serving as lead counsel in shareholder derivative litigation, as well as in other complex representative litigation, and collectively will bring many years of experience to bear on the issues presented in the Derivative Actions.[2] Furthermore, to date in this action, counsel have demonstrated their initiative by opposing defendants' motion to stay the derivative claims, in contrast to counsel in Williams, who stipulated to stay them.

Wolf Haldenstein and Schubert & Reed propose a Pretrial Order No. 1 in the Derivative Actions, to be binding upon all "add-on" cases arising out of the same subject matter which are

---

[2] Robert C. Schubert of Schubert & Reed is a longtime member of the Massachusetts bar.

{00002486.DOC ; 1}

Page 5

filed in or transferred to this Court, which establishes the following authority for them as co-lead counsel:

- To enter into agreements on behalf of all plaintiffs;
- To determine work assignments in such a manner as such counsel deem orderly and efficient;
- To establish litigation funds and make assessments as necessary and to apportion any award of fees and reimbursement of expenses as appropriate to reflect the benefit of the tasks performed and the risks undertaken by counsel;
- To finalize all briefs and motions on behalf of plaintiffs or to designate other plaintiffs' counsel who are responsible for doing so;
- To appear and argue all motions and other matters to be decided by the Court, which responsibility the co-lead counsel may delegate to other plaintiffs' counsel;
- To maintain an original document depository;
- To act as the representative(s) of plaintiffs' counsel and all plaintiffs with respect to all substantive matters involved in this litigation;
- To communicate with defendants' counsel on questions of discovery, motions, settlement and other matters;
- To file motions, briefs and other papers with the Court on behalf of all plaintiffs.

Gilman & Pastor likewise has extensive experience in complex securities and shareholder derivative litigation. Lagorio Aff. Exhibit C. Wolf Haldenstein and Schubert & Reed suggest the following responsibilities for Gilman & Pastor, as proposed liaison counsel:

- To maintain and distribute to the Court, to counsel for plaintiffs, and to counsel for defendants an up-to-date comprehensive service list;
- To communicate with the Court on behalf of plaintiffs with respect to procedural matters;
- To file all briefs and motions on behalf of plaintiffs; and
- Any other matters which co-lead counsel may choose to delegate.

Proposed Pretrial Order No. 1, as outlined above, will ensure that the Derivative Actions are effectively prosecuted.

### C. Plaintiff Williams' Motion To Appoint Lead Derivative Counsel Should Be Denied.

Plaintiff Williams has moved for appointment of Federman & Sherwood ("F&S") as lead derivative counsel, and for appointment of Alan L. Kovacs ("Kovacs") as liaison counsel. However, rather than oppose defendants' motion to stay their derivative claims, F&S and Kovacs immediately stipulated with defendants to stay Williams in deference to proceedings in the state court action, choosing to sit on the sidelines. This is hardly evidence that the derivative claims will be aggressively litigated by F&S and Kovacs in this Court. To the contrary, through their compliance with the individual defendants' wishes, F&S and Kovacs have demonstrated that they do not intend to vigorously prosecute the derivative claims at all. It is curious that counsel who voluntarily stayed their claims would then seek appointment as lead counsel. The Court should disregard plaintiff Williams' motion since his case is stayed.

That Williams was filed three days before Burk provides no support for plaintiff Williams' motion. In shareholder derivative litigation, that a particular plaintiff and its counsel were first to file in a particular forum is generally irrelevant to the determination of who should prosecute the derivative claims. See Biondi v. Scrushy, 820 A. 2d 1148, 1159 (Del. Ch. 2003) (in shareholder derivative actions there is "little reason to accord decisive weight to the priority of filing.") In Biondi, in an analogous situation, the court declined to stay a later filed derivative action in Delaware in deference to an earlier filed action in Alabama, because, among other things, conduct of Alabama counsel had potentially compromised the effective prosecution of the derivative claims. A similar rule should apply here. By taking a back seat to the state court action, counsel for Williams have shown that they will not vigorously prosecute the derivative claims.

### CONCLUSION

For the reasons set forth herein, the Derivative Actions should be consolidated, Wolf Haldenstein and Schubert & Reed should be appointed co-lead counsel, and Gilman & Pastor

{00002486.DOC ; 1}

should be appointed liaison counsel. Plaintiff Williams' motion for appointment of lead derivative counsel should be denied.

DATED: May 11, 2004

By: /s/ Peter A. Lagorio
PETER A. LAGORIO (BBO#567379)
GILMAN & PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

GREGORY M. NESPOLE
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue, 9th Floor
New York, New York 10016
Telephone (212) 545-4600

ROBERT C. SCHUBERT
JUDEN JUSTICE REED
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Telephone: (415) 788-4220

BRUCE G. MURPHY
LAW OFFICES OF BRUCE G. MURPHY
265 Llwyds Lane
Vero Beach, FL 32963
Telephone: (561) 231-4202

Attorneys for Derivative Plaintiff