UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> HASSAN AHMED, et al. <br><br> Defendants <br><br> -and- <br><br> SONUS NETWORKS, INC., A Delaware Corporation, <br><br> Nominal Defendant. <br> ----------------------------------------------------------x | **No. 04-10359 DPW** |
| MICHELLE P. BURK, <br><br> Plaintiff <br><br> v. <br><br> HASSAN AHMED, et al. <br><br> Defendants <br><br> -and- <br><br> SONUS NETWORKS, INC., A Delaware Corporation, <br> Nominal Defendant. <br> ----------------------------------------------------------x | **No. 04-10384 DPW** |
| MICHAEL PISNOY, <br><br> Plaintiff <br><br> v. <br><br> HASSAN AHMED, et al. <br><br> Defendants <br><br> -and- | **No. 04-10576 DPW** |

| |
|---|
| SONUS NETWORKS, INC., A Delaware Corporation, <br><br> Nominal Defendant. |

# [PROPOSED] PRETRIAL ORDER NO. 1

1. <u>Pretrial Consolidation</u>.

This Order shall govern and control the procedure for the litigation of each of the above-captioned actions, which are hereby consolidated for all purposes.

    (a)    <u>Master Docket and File</u>.

The clerk will maintain a Master Docket and Case File under the style "<u>In re Sonus Networks, Inc. Derivative Litigation</u>", Master File No. 04-10359. All orders, pleadings, motions and other documents will, when filed and docketed in the Master Case File, be deemed filed and docketed in each individual case to the extent applicable.

    (b)    <u>Captions; Separate Filing</u>.

Orders, pleadings and motions and other documents will bear a caption similar to that set forth in Paragraph 1(a) hereof. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the Master Case File. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and extra copies shall be provided to the Clerk to facilitate filing and docketing both in the Master Case File and the specified individual case files.

2. <u>Organization of Plaintiffs' Counsel</u>

    (a)    <u>Co-Lead Counsel</u>

Wolf Haldenstein Adler Freeman & Herz, LLP and Schubert & Reed LLP are hereby appointed Co-Lead Counsel for the derivative plaintiffs. Co-Lead Counsel shall have the

following responsibilities on behalf of all plaintiffs in these consolidated actions (to include all later-filed and/or transferred cases):

(i) To enter into agreements on behalf of all plaintiffs;

(ii) To determine work assignments in such a manner as such counsel deem orderly and efficient;

(iii) To establish litigation funds and make assessments as necessary and to apportion any award of fees and reimbursement of expenses as appropriate to reflect the benefit of the tasks performed and the risks undertaken by counsel;

(iv) To finalize all briefs and motions on behalf of plaintiffs or to designate other plaintiffs' counsel who are responsible for doing so;

(v) To appear and argue all motions and other matters to be decided by the Court, which responsibility the Co-Lead Counsel may delegate to other plaintiffs' counsel;

(vi) To maintain an original document depository;

(vii) To act as the representative(s) of plaintiffs' counsel and all plaintiffs with respect to all substantive matters involved in this litigation;

(viii) To communicate with defendants' counsel on questions of discovery, motions, settlement and other matters. Defendants' counsel may rely upon all agreements made with either of Co-Lead Counsel and such agreements shall be binding on all plaintiffs;

(ix) To file motions, briefs and other papers with the Court on behalf of all plaintiffs. Defendants shall not be required to respond to any motions, briefs or papers filed by plaintiffs' counsel other than Plaintiffs' Co-Lead Counsel without an order from the Court.

(b) <u>Liaison Counsel</u>

Gilman & Pastor LLP is hereby appointed Liaison Counsel. Liaison Counsel shall have the following responsibilities, as delegated by Co-Lead Counsel:

    (i)    To maintain and distribute to the Court, to counsel for plaintiffs, and to counsel for defendants an up-to-date comprehensive service list;

    (ii)    To communicate with the Court on behalf of plaintiffs with respect to procedural matters;

    (iii)    To file all briefs and motions on behalf of plaintiffs; and

    (iv)    Any other matters which Co-Lead Counsel may choose to delegate.

3.    <u>Later Filed Cases</u>.

Unless otherwise ordered, the terms of this Order, including pretrial consolidation, shall apply to all shareholder derivative actions later instituted in, or transferred to or coordinated with this Court (including "add-on" cases) that involve related claims. Objections to such consolidation or application of the other terms of this Order to such cases shall promptly be filed, with a copy served on counsel for plaintiffs and defendants. The terms of all orders, rulings and/or decisions shall be applied to all later actions instituted herein, except on a showing of good cause.

4.    <u>Amended Complaint</u>.

Plaintiffs shall have until forty-five (45) days following the entry of this order to file a consolidated amended complaint. Defendants shall respond to the consolidated amended complaint on or before sixty (60) days following service by personal or facsimile delivery on defendants.

5.    <u>Continuing Jurisdiction</u>.

This Court reserves its jurisdiction to modify or amend this Order as it deems necessary or appropriate under the developing circumstances of this litigation.

Dated:

_____
U.S. District Judge