UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL WILLIAMS,                )<br>                                                )<br>            Plaintiff,              )<br>                                                )<br>     vs.                                   )<br>                                                )<br>                                                )<br>HASSAN M. AHMED, et al.,    )<br>                                                )<br>            Defendants,          )<br>                                                )<br>     vs.                                   )<br>                                                )<br>SONUS NETWORKS, INC.,    )<br>                                                )<br>            Nominal Defendant. )<br>_____) | CIVIL ACTION NO.<br>04-CV-10359 DPW |
| MICHELLE BURK,                 )<br>                                                )<br>            Plaintiff,              )<br>                                                )<br>     vs.                                   )<br>                                                )<br>HASSAN M. AHMED, et al.,    )<br>                                                )<br>            Defendants,          )<br>                                                )<br>     vs.                                   )<br>                                                )<br>SONUS NETWORKS, INC.,    )<br>                                                )<br>            Nominal Defendant. )<br>_____) | CIVIL ACTION NO.<br>04-CV-10384 DPW |

(Caption Continued on Following Page)

| | |
|---|---|
| MICHAEL PISNOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 04-CV-10576 DPW |
| HASSAN M. AHMED et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| -and- ) | |
| ) | |
| SONUS NETWORKS, INC., ) | |
| ) | |
| Nominal Defendant. ) | |

### PLAINTIFF MICHAEL PISNOY'S OPPOSITION TO PLAINTIFF BURK'S MOTION TO CONSOLIDATE DERIVATIVE CASES AND TO APPOINT CO-LEAD COUNSEL

Michael Pisnoy ("Pisnoy"), plaintiff in the *Pisnoy v. Ahmed, et al.*, derivative action, Case No. 04-CV-10576, hereby opposes the Motion to Consolidate Derivative Cases and To Appoint Co-Lead Counsel filed by plaintiff Michelle Burk ("Burk") in the *Burk v. Ahmed, et al.*, derivative action, Case No. 04-CV-10384. In support of said Opposition Plaintiff Pisnoy submits herewith the following Memorandum of Law.

**I.   Introduction**

On May 11, 2004, Plaintiff Michelle Burk ("Burk") filed a Motion to Consolidate Derivative Cases And To Appoint Co-Lead Counsel ("Burk's Motion" or the "Motion"). The Motion seeks to consolidate the three shareholder derivative actions currently pending in this Court, and to appoint Burk's attorneys as Co-Lead and Liaison Counsel for the consolidated derivative actions.

2

While Plaintiff Michael Pisnoy ("Pisnoy"), agrees that consolidation of these three actions may be appropriate[1], he opposes the effort of Burk's counsel to have themselves appointed as Co-Lead and Liaison Counsel to the exclusion of his counsel.

II.    **Factual Background**

There are presently three related shareholder derivative actions pending in the District of Massachusetts as follows:

|   | Case Name | Date Action Filed | Case No. | Judge |
|---|---|---|---|---|
| 1. | *Daniel Williams v. Ahmed, et al.* | 2/23/04 | 04-cv-10359 | Woodlock |
| 2. | *Michelle Burk v. Ahmed, et al.* | 2/26/04 | 04-cv-10384 | Woodlock |
| 3. | *Michael Pisnoy v. Ahmed, et al.* | 3/24/04 | 04-cv-10576 | Woodlock |

All three complaints concern allegations that certain directors and officers of Sonus Networks, Inc. ("Sonus" or the "Company") breached their fiduciary duties owed to Sonus by causing and/or allowing the Company: (1) to improperly recognize revenue which will necessitate the restatement of the Company's financial results for the year ended December 31, 2003; (2) to issue materially false and misleading financial statements; (3) to complete a public offering of 20 million shares of Sonus stock at grossly inflated prices; (4) to erase 46 % of the Company's market capitalization (more than $1.2 billion dollars); (5) to expose the Company to

---

[1] As explained in Pisnoy's Response to Plaintiff Williams' Motion tor Appointment of Lead Counsel for Shareholder Derivative Litigation, consolidation of these three related shareholder derivative actions would unquestionably be appropriate under normal circumstances. Williams' decision to voluntarily stay his action however, makes the issue of consolidation somewhat more difficult as plaintiffs Burk and Pisnoy have not agreed to stay their actions. Because the *Williams* action is stayed, no additional resources would be conserved, and no additional efficiencies would be achieved by consolidating the *Burk* and *Pisnoy* actions with the *Williams* action. Pisnoy is therefore opposed to consolidation to the extent that it would subject him to the stay that was entered in the *Williams* action or would otherwise impede his ability to litigate the claims that he has asserted on behalf of Sonus.

massive liability in multiple pending securities fraud actions; and (6) to cause irreparable damage to the Company's reputation and goodwill in the investment and business communities. In addition, as alleged in the *Pisnoy* complaint, certain of the officer and director defendants further breached their fiduciary duties to the Company by engaging in illegal insider trading, selling more than 264,000 shares of Sonus stock and reaping profits of over $2,000,000 .

The defendants moved to stay the *Williams* action on March 22, 2004, arguing that because of the existence of two earlier-filed, and allegedly parallel State Court derivative actions, it would be appropriate for this Court to stay the *Williams* action in accordance with the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (the "Colorado River Doctrine"). Thereafter, on April 12, 2004, Williams voluntarily agreed to stay all proceedings in his action by executing the parties' Joint Notice and Stipulation of No Opposition to Motion For Stay of Proceedings. On April 2, 2004, defendants moved to stay the *Burk* action for identical reasons. Burk did not stipulate to stay her action however, and in fact filed an opposition to defendants' motion on April 27, 2004. There has been no ruling on defendants' motion to stay the *Burk* action to date. Defendants have not moved to stay the *Pisnoy* action.

### III.   Argument

Burk's Motion seeks to appoint the law firms of Wolf, Haldenstein, Adler, Freeman & Herz, LLP and Schubert & Reed, LLP as Co-Lead Counsel for plaintiffs in the consolidated shareholder derivative litigation. The motion also seeks to have the Saugus firm of Gilman & Pastor, LLP appointed as plaintiffs' Liaison Counsel. While Pisnoy has no doubt that Burk's

counsel are all fine, competent attorneys[2], he nonetheless opposes their request to have themselves appointed to lead a consolidated action. Plaintiff Burk seeks a leadership structure for the consolidated actions that includes all three of her counsels' law firms, but none of the firms who represent plaintiff Pisnoy. Excluding Pisnoy's counsel from the leadership structure of a consolidated shareholder derivative action would be an inequitable distribution of representative authority, especially in light of the fact that his case is one of the two, or at most three, actions that are being contemplated for consolidation. A more equitable distribution would be one lead and one liaison firm from each derivative plaintiff Accordingly, Pisnoy respectfully requests that if his action is consolidated with the *Burk* or *Williams* action, or both, that his counsel, Reich & Binstock, LLP, be appointed as one of the Co-Lead counsel along with either Wolf, Haldenstein, Adler, Freeman & Herz, LLP or Schubert & Reed, LLP. Pisnoy also requests that his counsel, Dangel & Mattchen, LLP be appointed Co-Liaison counsel with Gilman & Pastor, LLP. In support of this request, copies of the firm resumes of Reich & Binstock, LLP and Dangel & Mattchen, LLP are attached as Exhibits "A" and "B" respectively to the Declaration of Michael K. Mattchen, filed herewith.

**IV. Conclusion**

Based on the foregoing, Plaintiff Pisnoy respectfully requests that this Court deny Plaintiff Burk's Motion to the extent that it seeks to consolidate the *Pisnoy* and *Burk* actions with the *Williams* action, and further requests that the Court reject Burk's Proposed Pretrial Order No. 1 in favor of his Proposed Pretrial Order No. 1 filed herewith.

---

[2] Pisnoy's counsel, Reich & Binstock, LLP has in fact worked with the Schubert & Reed, LLP and Gilman & Pastor, LLP law firms on a number of complex actions, including shareholder derivative litigation.

## REQUEST FOR ORAL ARGUMENT

Plaintiff Pisnoy respectfully requests that oral argument be had so that all issues may be fully explored and argued to the Court's satisfaction.

| | |
|---|---|
| DATED: May 25, 2004. | Michael Pisnoy,<br>By his Counsel,<br><br>/s/ Michael K. Mattchen<br>Michael K. Mattchen<br>Edward T. Dangel, III<br>DANGEL & MATTCHEN, LLP.<br>10 Derne St.<br>Boston, MA  02114<br>Tel:  (617) 557-4800<br><br>-and-<br><br>Paul T. Warner<br>REICH & BINSTOCK, LLP<br>4265 San Felipe, Suite 1000<br>Houston, TX 77002<br>Tel: (713) 622-7271 |