UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 04-CV-10359 DPW |
| | ) | |
| HASSAN M. AHMED, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SONUS NETWORKS, INC., | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| | | |
| MICHELLE BURK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 04-CV-10384 DPW |
| | ) | |
| HASSAN M. AHMED, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SONUS NETWORKS, INC., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

1

(Caption Continued on Following Page)

| | |
|---|---|
| MICHAEL PISNOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 04-CV-10576 DPW |
| HASSAN M. AHMED et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| -and- ) | |
| ) | |
| SONUS NETWORKS, INC., ) | |
| ) | |
| Nominal Defendant. ) | |

## [PROPOSED] PRETRIAL ORDER NO. 1

1.  The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial:

| | Case Name | Date Action Filed | Case No. | Judge |
|---|---|---|---|---|
| 1. | *Burk v. Ahmed, et al.* | 2/26/04 | 04-cv-10384 | Woodlock |
| 2. | *Pisnoy v. Ahmed, et al.* | 3/24/04 | 04-cv-10576 | Woodlock |

2.  Every pleading filed in these consolidated actions, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re SONUS NETWORKS, INC. DERIVATIVE LITIGATION | ) Lead Case No. 04-cv-10384 (DPW) )<br>)        (Derivative Action)<br>)<br>) |
| This Document Relates To:<br><br>ALL ACTIONS. | )<br>)<br>)<br>) |

3. The files of these consolidated actions shall be maintained in one file under Master File No. 04-cv-10384 (DPW).

4. Plaintiffs shall file and serve a Consolidated Derivative Complaint ("Complaint") no later than 45 days from the date of entry of this Order, unless otherwise agreed between the parties and approved by the Court. This Complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. Defendants shall have 30 days after receipt of the consolidated complaint to file motions or other pleadings directed at the Complaint. Plaintiffs shall file and serve their opposition within 30 days after the service of defendants' pleadings. In the event that defendants file and serve a reply to plaintiffs' opposition, they shall do so within 15 days after plaintiffs' service of the opposition. Service of the pleadings shall be effected by either personal service or overnight courier. Counsel agree to confer to schedule a hearing date with the clerk of this Court.

5. The defendants shall have no obligation to answer or otherwise respond to the instant complaints or to any other related complaints which are subsequently assigned, removed, or transferred to this Court prior to 45 days from the service of the Consolidated Complaint.

6. This Order shall supersede all prior stipulations or extensions regarding the time for filing and serving a consolidated complaint, motions or other pleadings.

7. The Co-Lead Counsel for plaintiffs for the conduct of these consolidated actions are:

GREGORY M. NESPOLE
WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ, LLP
270 Madison Avenue, 9th Floor
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-????

PAUL T. WARNER
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Telephone: 713/622-7271
Facsimile: 713/623-8724

8. The Co-Liaison Counsel for the conduct of these consolidated actions is:

PETER A. LAGORIO
GILMAN & PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: 781/231-7850
Facsimile: 781/231-7840

MICHAEL K. MATTCHEN
DANGEL & MATTCHEN, LLP
10 Derne Street
Boston, MA 02114
Telephone: 617/557-4800
Facsimile: 617/557-4827

9. Plaintiffs' Co-Lead Counsel shall have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

10. Plaintiffs' Co-Liaison Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No

motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Lead and Liaison Counsel.

11. Plaintiffs' Liaison Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Plaintiffs' Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

12. In addition to the duties of being the authorized spokesperson for plaintiffs before the Court, Lead Counsel shall discharge the duties set forth below, where possible and practical in consultation with the other plaintiffs' counsel:

(a) To coordinate and determine the position of the plaintiffs on all matters arising during all pretrial and trial proceedings in briefs, oral argument or such other fashion as may be appropriate to present (personally or by designee) to the Court and opposing parties;

(b) To conduct settlement negotiations on behalf of plaintiffs;

(c) To direct and coordinate the work of all plaintiffs' counsel and to make assignments of work to be performed in the prosecution of the case in a manner to assure that pretrial preparation is conducted effectively, efficiently and economically;

(d) To monitor the activities of plaintiffs' counsel to assure that schedules are met and that unnecessary expenditures of time and expenses are avoided; and

(e) To perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial and trial activities or authorized by further order of the Court.

13. Defendants' counsel may rely upon all agreements made with any of plaintiffs' Lead Counsel, or other duly authorized representative of plaintiffs' Lead Counsel, and such agreements shall be binding on plaintiffs.

14. This Order shall apply to each case, arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in, removed to or transferred to this Court.

15. When a case which properly belongs as part of the *In re Sonus Networks, Inc., Derivative Litigation*, Lead Case No. 04-cv-10384 (DPW), is hereafter filed in this District or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the *In re Sonus Networks, Inc., Derivative Litigation*, Lead Case No. 04-cv-10384 (DPW), and Plaintiffs' Liaison Counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

DATED:_____        _____
                                     DOUGLAS P. WOODLOCK, U.S.D.J.

Submitted by:

__/s/_____
MICHAEL K. MATTCHEN
DANGEL & MATTCHEN, LLP
10 Derne Street
Boston, MA 02114
Telephone: 617/557-4800
Facsimile: 617/557-4827
[Proposed] Co-Liaison Counsel

PAUL T. WARNER
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Telephone: 713/622-7271
Facsimile: 713/623-8724
[Proposed] Co-Lead Counsel

**Attorneys for Plaintiff, Michael Pisnoy**